IN THE MATTER OF THE APPLICATION OF THE BUFFALO AND JAMESTOWN RAILROAD COMPANY *v.* THE RAILROAD COMMISSIONERS OF THE TOWN OF COLLINS.

*State Constitution, art.* 8, § 11 — *Bonding of towns for railroad purposes — effect of adjudication by county judge — Contract between town and railroad company — when complete.*

Section 11, of article 8, of the State Constitution, has the effect of repealing al acts of the legislature relating to the· bonding of towns for railroad purposes, except so far as they relate to existing contracts actually made and in force when the provision went into effect.

The adjudication and judgment of the county judge, that a, majority of the tax-payers of a town consented to the issue of such bonds, created · no absolute right in the railroad company thereto.

No contract or legal obligation is created, as against the town, till the subscription for the railroad stock is made.

MOTION made pursuant to the provisions of chapter 907 of the Laws of 1869, chapter 507 of the Laws of 1870, and chapter 925 of the Laws of 1871, for an order of this court requiring the railroad commissioners of the town of Collins, in the county of Erie, to issue the bonds of said town to aid in the construction of the Buffalo and Jamestown Railroad, and to fix the terms upon which said bonds shall issue.

*Grover Cleveland,* for the railroad company.

*E. C. Sprague* and *Torrance & Allen,* for the commissioners.

E. DARWIN SMITH, P. J. :

This is an original application to this court, pursuant to the fifth section of the town bonding act, passed May 18, 1869, and amended in 1870, and as amended in 1871, in and by which it is provided that in case the commissioners, appointed upon any petition of the tax-payers under said act, and the railroad company cannot agree, or in case the commissioners refuse to make any agreement, then in either case this court, at General Term, upon motion, and upon a hearing of the parties interested, may determine upon what terms

and conditions such bonds shall be issued to said railroad company.

It appears from the papers used upon this motion, that upon a petition purporting to be signed by a majority of the tax-payers of the town of Collins, in the county of Erie, duly presented to the county judge of said county, said judge took such proceedings under the statute, that he ascertained, determined, and adjudicated, in due form, on the 27th day of July, 1872, that said petition was signed by a majority of the tax-payers of said town, and that he then proceeded to appoint, and then and there did appoint, the respondents upon this motion, railroad commissioners of said town, under said acts, and that the said parties took upon themselves the duty and office of such commissioners, and proceeded to issue to said railroad company $15,700 of said town bonds in exchange for the certificates of said company for $15,000 of the stock of said company, and that said commissioners have since refused to issue, and do refuse to issue, any more of said bonds, or to take or subscribe for any other shares of the stock of said company.

If it were a judicial duty, which we are not prepared to admit, for us to arbitrate between a railroad company and the railroad commissioners of a town, or make bargains between them, in respect to the issue by the latter of the bonds of their town, or to assume to order or prescribe the terms upon which such commissioners should issue such bonds, where clearly we have no power to enforce obedience to our decision or direction, I should nevertheless think that this motion should be denied. The said railroad company have not acquired any vested right to require the issue of such bonds. The adjudication and judgment of the county judge, that a majority of the tax-payers of the said town of Collins had consented to the issue of such bonds, created no absolute right or obligation. It asserts, confers, and invests a mere power or authority in such commissioners to subscribe for the stock of said railroad company in behalf of the town, and to issue such bonds in payment for such stock. Until such subscription is made, no contract on the part of the town is made — no legal liability has been created. (*Aspinwall* v. *The Commissioners of Daviess County*, 22 How. [U. S.], 374; *Covington and Lexington R. R. Co.* v. *Kenton County*, 12 B. Monroe [Ky.], 144.)

Municipal corporations cannot be compelled by the legislature or the courts, to contract a debt in favor of any private enterprise of business or profit, or in aid of any private corporation. The legislature may confer authority in such cases, and there its power ends. If the authority is exercised in conformity with the statute, then a contract may be, and will be created, which can be enforced in the courts like the ordinary contracts of individuals.

This view, asserted in the case of *Bailey* v. *The City of New York* (3 Hill, 531); *Clarke* v. *The City of Rochester* (24 Barb., 446); *Town of Duanesburgh* v. *Jenkins* (46 id., 294); and *The People* v. *Batchellor* (53 N. Y., 140), and in many others, is now of less consequence since the adoption of the constitutional amendments in this State, which went into effect on the first day of January of the present year. The amendment relating to this subject is as follows: " No county, city, town or village shall hereafter give any money or property, or loan its money or credit, to or in aid of any individual, association or corporation, or become, directly or indirectly, the owner of stock in or bonds of any association or corporation, nor shall any such county, city, town or village be allowed to incur any indebtedness, except for county, city, town or village purposes." This provision of the Constitution distinctly forbids the creation of any new debt by the town of Collins, by subscription to the stock of the said railroad company, or otherwise to become the owner of such stock directly or indirectly. The power of the railroad commissioners of said town to subscribe for such stock, or to issue the bonds of said town, is taken away by such provision, and the town bonding acts, under which such proceedings were had before the county judge, are, in legal effect, repealed and annulled, except so far as relates to existing contracts, actually made and in force when this amendment went into effect. These remain valid, as the obligation of existing contracts could not be impaired by subsequent acts of legislation.

It follows from this view, that this motion must be denied, and it is denied, with costs.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Motion denied, with ten dollars costs.